JAMES CASSIN, Respondent, *v.* LAWRENCE DELANY AND ANN A. DELANY, Appellants.

*Husband and Wife—Malicious Prosecution—Personal Liability of Wife.*

In a malicious prosecution instituted by the husband and wife, the wife will not be personally liable, if she acted in the matter only by the direction and in the presence of her husband.

In an action against husband and wife for a malicious prosecution, it is competent to prove by the husband that the wife acted by his direction, and in his presence only, in the matter.

THE Appellants are husband and wife. On the 21st day of November, 1855, Delany and wife procured the arrest of the Respondent, upon a charge of embezzlement, preferred before Matthew T. Brennan, Esq., then one of the Police Justices of the city of New York. Upon this charge Cassin entered into a recognizance for his appearance at the next Court of General Sessions to be held in the city and county of New York. Delany and wife preferred their complaint before the Grand Jury at such Court, when the bill was dismissed. Cassin brought this action in the New York Court of Common Pleas, in 1856, claiming damages in the sum of $10,000 for malicious prosecution and false imprisonment. The action was tried before a referee, who awarded one thousand dollars as damages to the Respondent. From the judgment entered upon the referee's report an appeal was taken by the Defendants to the General Term of the Court of Common Pleas, when the judgment was deemed excessive, and a reversal was ordered, unless the Respondent would stipulate to reduce the recovery to the sum of $250, which stipulation was accordingly given, and the judgment was affirmed. From this judgment an appeal is taken to this Court by the Defendants.

*Gilbert Dean* for Appellants.
*E. W. Dodge* for Respondent.

HUNT, CH.J.—The questions in this case are these :

1. Where a prosecution is maliciously instituted by a husband and wife, the latter acting in the presence and by the direction of the husband, is she personally liable for damages in such action ?

2. Is it competent to show, in such case, for the purpose of rendering her liable, that, in fact, the wife acted of her own motive and not sub potestate viri ? ·

3. If competent, was there evidence of such independent action in the present case ?

4. Had the General Term power, when they decided the amount found by the referee to be excessive, to order a reduction of the verdict to a sum named by them, as the alternative of a new trial, or was it their duty to have ordered such new trial, to the end that another jury might ascertain the amount of damages ?

The following authorities furnish an answer to the first two questions : 1 Hale's P. C. 45 to 49 ; 4 Black. Com. 29 ; 2 Kent's Com. 150.

The authorities are clear that, when a tort or a felony of any inferior degree is committed by the wife, in the presence and by the direction of her husband, she is not personally liable. To exempt her from liability, both of these concurrent circumstances must exist—to wit : the presence and the command of her husband. An offence by his direction, but not in his presence, does not exempt her from liability, nor does his presence, if unaccompanied by his direction. His presence furnishes evidence, and affords a presumption of his direction, but is not conclusive, and the truth may be established by competent evidence.

In the present case the Plaintiff furnished evidence, which was held by the referee, and by the General Term, to justify the finding, that the wife acted upon her own motive, and although in his presence, was not sub potestate viri.

Assuming this to be so, the Defendants claim that they were not allowed to introduce evidence offered by them of the same character. The Defendant, Lawrence Delany, being under examination, was asked by the Defendants' counsel this question :

" By whose direction, if any one, did she make that charge ? "
This was objected to by the Plaintiff's counsel, and rejected by
the referee, to which the Defendants excepted. The Defendant
might have answered, that it was by his direction, and under his
authority, and this would have been evidence to discharge the
wife from liability. The same question was subsequently put to
the Defendant, Ann Delany, without objection, and she answered
that she made it by direction of her husband. The referee,
however, did not credit the witness, and found against her on this
point. The exclusion of this evidence of the husband, which
might have sustained that of the wife, and seriously have influ-
enced the decision of the referee, was an error, for which the
judgment must be reversed, and a new trial ordered.

I cannot concur with the action of the General Term in decid-
ing that the amount of damages found by the referee was exces-
sive, and assuming themselves to fix what would be a suitable
amount to have been found by him. Excessiveness of damages
is a well-settled ground for reversing a judgment (12 Barb. 492 ;
19 Barb. 462 ; 3 Sand. S. C. R. 19). Where the Court reach the
legal conclusion, that an error in that respect has been committed,
it is their duty to reverse the judgment, equally as if fraud or
corruption had been established, or incompetent evidence had
been introduced. There is no rule or provision of law by which
Judges at the General Term are authorized to fix the amount of
damages properly to be recovered by a person who has suffered
from the malicious prosecution of another. Such a proceeding
is in hostility to any principle of the common law, as well as to
our own system of practice and pleadings. If the Court has
erred in its decisions, or the jury has erred in its judgment, the
matter must be referred to another jury, and this judgment, under
better instructions, will give the correct response.

The General Term say that the damages awarded are excessive ;
that the referee has evidently blended the damages arising from
a former malicious proceeding, by Lawrence Delany alone, with
those incurred in which his wife was a party, and order a reversal
of the judgment, unless the Plaintiff will reduce his damages

to the sum of two hundred and fifty dollars.   How can the Court, by any legal process of reasoning, ascertain that just seven hundred and fifty dollars was allowed by the referee for the first malicious proceeding?   They say that that proceeding "really constituted the only serious injury sustained by the Plaintiff at the hands of the Defendants, either jointly or individually," and they therefore order a deduction of seven hundred and fifty dollars. Why not order a deduction of nine hundred and fifty dollars? That, in my judgment, would have been a more appropriate deduction, upon the case as understood by the Court below.   But I do not see how any Judge of this Court, or of the New York Common Pleas, is entitled to pass judgment upon this question. It is exclusively for the jury, or for a referee, who, by the consent of the parties, stands in place of, and exercises the same duties, as a jury.   In cases where specific items are presented on contract, and can be passed upon, rejecting or sustaining the specific charge, this Court, and the Court below, have been in the habit of directing a reversal or affirmance, subject to the condition that the party shall take their direction upon the questionable item. This I have no doubt is sound practice.

It has never, however, been applied to cases where discretion on the part of the jury was allowed, or where the damages were for a tortious act of the party, or its consequences.   Such was the holding of this Court in Moffet *v.* Sackett (18 N. Y. R. 522).

Judgment should be reversed, and a new trial ordered.

All concur.

Reversed.

JOEL TIFFANY,
State Reporter.