### GEORGE W. HANDY *vs.* DENNIS FOLEY & wife.

Bristol. Oct. 26. — Nov. 20, 1876. DEVENS & LORD, JJ., absent.

A husband and wife are jointly liable for a tort done by her in his absence, but under his direction and instigation.

Evidence of acts done by a husband in the presence of his wife, similar to those done by her in his absence, in execution of the same purpose, is admissible to show that the wife acted under his direction and instigation.

TORT. The declaration alleged that the defendants did forcibly enter the plaintiff's close, and wrongfully and forcibly remove, take and carry away, and remove, cut, break up and destroy the plaintiff's gate, to the injury and damage of the said plaintiff as laid in his writ; and "that the acts set forth and relied upon

were committed by the said Ellen Foley alone, not in the presence of said Dennis Foley, but under his direction, and as his servant and agent, and as his acts as well as her own."

At the trial in the Superior Court, before *Allen,* J., the defendants contended that an action could not be maintained against the husband and wife under this declaration; but the judge ruled that the action might be maintained against both.

It appeared in evidence, that the trespasses alleged were in the line of a way claimed by the husband, extending from a public highway, over the land of the plaintiff, which lay along the line of the highway, to the husband's land, lying at the rear of the plaintiff's land, where was situated the defendants' dwelling-house; and, for the purposes of the trial, it was admitted that the husband had a right of way through gates and bars from his land through the plaintiff's land in the line of the gateway to the public highway. The plaintiff offered evidence tending to show that the wife, in the absence of the husband, but acting, as the plaintiff contended, by the husband's direction and instigation, removed the gate from its hinges and threw it upon the ground at divers times, and at one time with an axe cut up and destroyed one half of the gate.

The plaintiff, for the purpose of showing that the husband encouraged and incited the wife to her acts, offered evidence of the acts of the husband, done in the presence of the wife, in removing the gate from its hinges and throwing it upon the ground. To this the defendants objected, but the judge admitted the evidence.

The judge ruled that for the acts of the wife done by herself alone, and without the knowledge and instigation of the husband, the plaintiff could not recover in this action against both defendants; but for the acts of the wife done in the absence of the husband, with his direction or instigation, the plaintiff could recover.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*C. A. Reed,* for the defendants.

*J. Brown,* for the plaintiff.

GRAY, C. J. The instructions were correct. A husband and wife may be jointly sued and charged for a tort done by both of

them, if she does not act by his coercion. *Hyde* v. *S——*, 12 Mod. 246; *S. C.* Holt, 101. *Vine* v. *Saunders*, 5 Scott, 359; *S. C.* 4 Bing. N. C. 96. *Marshall* v. *Oakes*, 51 Maine, 308. In *Tobey* v. *Smith*, 15 Gray, 535, a declaration in tort in the nature of trover against husband and wife was held bad, merely because it alleged the conversion to have been "to their own use," whereas in legal contemplation it could not be to the use of the wife; and it was distinctly stated in the opinion, that, if the conversion had been alleged to have been to his use, the action could have been maintained. And in *Heckle* v. *Lurvey*, 101 Mass. 344, it was held that a wife was liable in tort for the conversion of goods of which she obtained possession by her husband's order. Even in criminal cases, the husband's mere direction and instigation will not protect the wife from liability for acts done in his absence and beyond his immediate influence and control; and the presumption of coercion, which exists when she acts in his presence, is *primâ facie* only, and may be rebutted. *Commonwealth* v. *Butler*, 1 Allen, 4. *Commonwealth* v. *Feeney*, 13 Allen, 560. *Commonwealth* v. *Munsey*, 112 Mass. 287. *Commonwealth* v. *Lewis*, 1 Met. 151, 153. *State* v. *Cleaves*, 59 Maine, 298. The statement in 2 Kent Com. 149, that, if the wife commits a tort "in his company or by his order," he alone is liable, is too general, and must be limited to the case of her acting by his coercion.

The evidence of acts done by the husband in the presence of the wife, similar to those done by her in his absence, in execution of the same purpose, was competent to show that the latter were done by his direction and instigation, and therefore in law his acts as well as hers. *Exceptions overruled.*