STATE, GEORGE HILDRETH ET UX., PROSECUTORS, v.
MARGARET A. CAMP.

1. At common law the husband is liable for the wife's torts committed during coverture, and the action is brought against both husband and wife. If the tort is done by the wife in the company of the husband, the law presumes coercion on his part, which excuses her from liability, but such presumption may be rebutted by proof. The presence and command of the husband must concur to justify the exemption of the wife from responsibility.

2. The evidence which was offered on the trial below is not here, and it may be that there was proof that the wife acted without the command of her husband. No error, therefore, is manifest in this respect.

3. To constitute forcible entry and detainer, the entry must be unlawful and forcible, or with threats.

On *certiorari* to remove conviction for forcible entry and detainer.

Argued at February Term, 1879, before Justices VAN SYCKEL, KNAPP and DIXON.

Hildreth v. Camp.

For the plaintiffs *W. E. Potter*.

For the defendant, *J. B. Hoffman*.

The opinion of the court was delivered by

VAN SYCKEL, J.    The relators were convicted of forcible entry and detainer before the mayor of the city of Cape May, and have prosecuted their writ in this case to set aside the conviction for alleged errors in the proceedings and judgment below.

The first reason for reversal which will be considered is, that the wife of the relator is presumed to have acted under his coercion, and that, therefore, the suit can be maintained against the husband only.

At common law the husband is liable for the wife's torts committed during coverture, and the action is brought against both husband and wife.    *Head* v. *Briscoe et ux.*, 5 *C. & P.* 484.

If the tort is done by the wife in the company of the husband, the law presumes coercion on his part, or his direction to the wife, which excuses her from liability, but such presumption is not conclusive, and may be rebutted by proof.

The presence and command of the husband must concur to justify the exemption of the wife from responsibility.    An offence by his direction but not in his presence, or in his presence but not by his direction, is not within the rule which gives immunity to her.    2 *Kent* 150; *Keyworth* v. *Hill*, 3 *B. & Ald.* 685; *Wagener* v. *Bill*, 19 *Barb.* 321; *Commonwealth* v. *Lewis*, 1 *Metc.* 151; *Cassin* v. *Delaney*, 38 *N. Y.* 178.

The evidence which was offered on the trial below is not here, and it may be that there was proof that the wife acted without the command of her husband.    No error, therefore, is manifest in this respect.

A further reason relied upon is that the complaint is defective in failing to allege that the entry was with violence or threats, or that it was an unlawful entry.

The complaint charges that George Hildreth and Sarah, his wife, on the 11th day of November, 1878, entered the mes-

suage and dwelling-house of the said Margaret A. Camp, and with force and strong hand now detain and hold the possession of the said messuage, whereof the said Margaret is seized of an estate of inheritance not yet ended.

To constitute forcible entry and detainer, the entry must be unlawful and forcible, or with threats.

In *Butts* v. *Voorhees,* 1 *Green* 13, Chief Justice Ewing says that forcible entry and detainer must be accompanied with some circumstance of actual force or terror, in addition to the requisite to constitute an ordinary trespass by mere entry on land.

In *Mason* v. *Powell,* 9 *Vroom* 576, the conviction was sustained, where the entry was by the forcible breaking into a house, in the peaceable possession of another, in the temporary absence of the possessor, but it clearly recognizes the rule that force in making the entry is essential to constitute the offence.

In the complaint in the case before us there is no averment that the entry was unlawful or forcible, or with threats.

But if the complaint had sufficiently set forth the injury complained of, there was no evidence to support either a conviction of forcible entry and detainer, or a conviction of forcible detainer.

In obedience to a rule of this court upon the mayor to certify whether, on the trial of the cause before him, any evidence was adduced of threats or other force of the defendants in the premises, his certificate sets forth that it was in evidence on the part of the complainant, and not contradicted by the defendants, "that in the absence of the complainant the defendants took possession of said house and premises; that the complainant, on her return, found the house occupied by the defendants, and made demand for possession thereof, and with words and actions was refused possession."

The entry, so far as appears, may have been without force, and the detainer may be unaccompanied by either force or threats. The defendants refused possession with words and actions; the words may have been a simple refusal to go out,

and the actions may have been nothing more than quietly remaining.

The conviction below was, therefore, unlawful, and the proceedings before the mayor must be set aside, with costs.