## KOSMINSKY V. GOLDBERG.

1. HUSBAND AND WIFE: *Action for wife's torts: Abatement.*

   Husband and wife are jointly liable, and must be jointly sued for torts of the wife committed during coverture; first, where he is absent and had no knowledge of the intended acts; second, where he is absent but the tort is done under his direction and instigation; and third, where he is present but the wife acts of her own volition. But where the act is committed in the presence of the husband and by his command and encouragement, he alone is liable. In the first three cases the wife is the offender, and if the marriage is dissolved by divorce or the death of either spouse before the judgment, the liability of the husband ceases.

2. SAME: *Same: Pleading: Presumption.*

   The presence of the husband at the commission of a tort by his wife raises the presumption that she was acting under his compulsion; and therefore a complaint alleging that it was done in his presence, states a *prima facie* cause of action against him alone, without stating that it was done at his instigation; but this presumption may be rebutted by proof.

APPEAL from *Miller* Circuit Court.

Hon. C. E. MITCHEL, Circuit Judge.

*Scott & Jones* for appellant.

The husband is liable for the torts of the wife during coverture. If committed in his company, or by his order, he alone is liable, the presumption being that they are done under his compulsion or coercion, etc. *2 Kent Com., sec. 149; 2 Hilliard on Torts, 506; 21 Ind., 427; 8 Minn., 236; Wright (Ohio), 9; 38 N. Y., 178; Pomeroy on Rem., sec. 320; Bliss on Code Pl., sec. 85; Newman on Pl., 278.*

SMITH, J. This action was against the husband alone

for defamatory words spoken by the wife. The complaint did not show whether the defendant was present or absent at the time the slander was uttered; and a demurrer to it was sustained for non-joinder of the wife. The plaintiff proposed to amend by stating that the injurious words were spoken in the presence and hearing of the husband; but the amendment was stricken out. By this action we understand the court to have decided that the amendment stated no case materially different from that which had already been adjudged insufficient, and to have insisted that the wife be brought in as a party. The plaintiff declining to plead further, and electing to rest on his amended complaint, final judgment was entered dismissing the action.

1. HUSBAND AND WIFE: Action for wife's torts.

For the wife's torts, committed during coverture, the husband is responsible. Such torts may be committed under either of the following circumstances: 1. Where the husband is absent and had no knowledge of the intended act, as in *Head v. Briscoe, 5 Carr. & Payne, 484; (24 E. C. L. R., 667)*, where a man was held answerable for a libel published by his wife, although they were permanently living apart. (*See, also, Catterall v. Kenyon, 3 Q. B., 309; 40 E. C. L. R., 749.*) 2. Where the husband is absent, but where the tort is done under his direction and instigation, as in *Handy v. Foley, 121 Mass., 259*. 3. Where the husband was present, but the wife acted of her own volition, of which *Cassin v. Delaney, 38 N. Y., 178*, is an example. And 4. Where the tort is committed in the company of the husband, and by his command or encouragement; for instances of which see *Daily v. Houston, 58 Mo., 361; Brazil v. Moran, 8 Minn., 236.*

Joint and separate liability.

In the first three cases they are jointly liable, and the wife must be joined. She is in reality the offending party, and if the marriage should be dissolved by divorce or the

death of either spouse before judgment recovered, the liability of the husband ceases. He is joined because she cannot be sued alone. But in the last case supposed, the law considers the tort as committed by the husband, and he alone is liable. To exempt her from liability, however, requires the concurrence of his presence and his command. A wrong done by his direction, but not in his company, does not excuse her; nor does his presence, if unaccompanied by his direction. The rule is stated too broadly in *2 Kent's Com., 149*, where it is said, "If committed in his company, or by his order, he alone is liable."

Here the injury is alleged to have been done in the husband's presence, but not at his instigation. Yet his presence raises a presumption that she was acting under compulsion. And therefore the complaint states *prima facie* a cause of action against him alone. Of course this presumption may be rebutted by proof that he did not authorize or influence her act. *Pomeroy's Remedies, sec. 320; Bliss on Code Pleading, sec. 85.*

2. SAME: Pleading: Presumption.

The presumption of coercion, arising from the mere presence of the husband in the case of crimes, has been abolished by statute, and the excuse has been left to be made out by proofs. *Gantt's Dig., sec. 1233; Edwards v. State, 27 Ib., 493.*

Judgment reversed, with directions to require defendant to answer the amended complaint.