Crumiell *v.* Hill.

ALBERT CRUMIELL, Appellant, *against* ROBERT HILL, Respondent.

(Decided February 6th, 1888.)

In an action for false imprisonment, brought in the City Court of New York, the jury found a verdict for $50 damages. On appeal, the court at General Term, holding that under the evidence in the case plaintiff was only entitled to nominal damages, ordered that the verdict be reduced accordingly and affirmed the judgment as modified. *Held,* that this was erroneous, the General Term not having power to determine the disputed question of fact and render final judgment thereon.

APPEAL from a judgment of the General Term of the City Court of New York modifying a judgment of that court entered on the verdict of a jury.

The action was brought for false imprisonment. It appeared that plaintiff and a companion, being suspected of theft of defendant's goods, and the evidence being very strong against them, each accusing the other of the theft, were taken by defendant to the police station, and there detained by a police officer over night, and in the morning were committed by the police justice after hearing their stories. The case was twice tried. On the first trial the jury rendered a verdict for $50 damages. On appeal to the General Term, the court, considering that the evidence only warranted a verdict for nominal damages, reversed the judgment and ordered a new trial. On the new trial the jury again returned a verdict for $50 damages. On appeal from the judgment entered thereon, the General Term reduced the verdict to six cents damages and six cents costs, and, as

reduced, affirmed the judgment. From that decision plaintiff appealed to this court.

*James H. Laird*, for appellant.

*Jeroloman & Arrowsmith*, for respondent.

PER CURIAM. — [Present, LARREMORE, Ch. J., ALLEN and BOOKSTAVER, JJ.] — The question to be decided in this case is this: Had the General Term of the City Court power, when they decided the amount of damages found by the jury to be excessive, to order the reduction of the verdict to nominal damages, or was it their duty to have ordered a new trial? In *Cassin* v. *Delaney* (38 N. Y. 178) the Court of Appeals denied the power of the General Term to order a reduction of the verdict in a case of malicious prosecution as the alternative of a new trial. "Excessiveness of damages," says Chief Justice HUNT in that case, "is a well-settled ground for reversing a judgment. When the court reach the conclusion that an error in that respect has been committed, it is their duty to reverse the judgment equally as if fraud or corruption had been established, or incompetent or immaterial evidence had been introduced. There is no rule or provision of law by which judges at the General Term are authorized to fix the amount of damages proper to be recovered by a person who has suffered from the malicious prosecution of another. Such a proceeding is in hostility to every principle of the common law, as well as to our own system of practice and pleading. If the court has erred in its decisions, or the jury has erred in its judgment, the matter must be referred to another jury."

Since the decision of that case, however, the rule seems to have been changed; and in many cases of tort for injuries to persons the General Term has, on appeal from the order of the Special Term, made on motions to set aside the verdict for excessive damages, made a conditional order reversing the judgment and granting a new trial unless the

plaintiff would consent to reduce the damages to a specified sum, and affirming it for that amount if the plaintiff should consent to the reduction. This practice seems to have been approved of by the Court of Appeals in later decisions. In *Whitehead* v. *Kennedy* (69 N. Y. 462) the court says: "This seems to be a comparatively modern practice, and cases in this court have assumed that the General Term had the power on appeal in these cases, if the verdict is deemed excessive, to make the conditional order mentioned. We do not intend to disturb the authority of these decisions."

We know of no practice or authority which goes to the extent of allowing the appellate court to determine disputed questions of fact and render final judgment upon such determination. To do this would not be within the appropriate functions of the appellate court, and would be an invasion of the province of the trial court.

Judgment reversed and new trial ordered, with costs to abide event.