Loretta McElroy *vs.* Luella W. Capron, Ex., *et al.*

PROVIDENCE—DECEMBER 29, 1902.

Present : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Husband and Wife.  Liability for Torts of Wife.*

At the common law a husband and wife are jointly liable for the torts of the wife, except where the tort is committed in the presence of the husband *and* by his command or coercion. In the latter case the husband alone is liable.

Gen. Laws cap. 194, § 14, does not change the common-law rule, as to torts in which the husband participates, or which he coerces the wife to commit.

(2) *Statutes Affecting Rights of Married Women.*

The evident intent of modern legislation in Rhode Island is to place a married woman upon practically the same basis with regard to legal rights and liabilities as if she were sole and unmarried. Hence, in the construction of statutes relating to such rights and liabilities, so far as may be consistently with their language, they should be so construed as to carry out this general purpose.

Trespass on the Case for negligence. The facts are stated fully in the opinion. Heard on demurrer to plea, and demurrer sustained.

(1)    Tillinghast, J.   The plea which the defendant, Luella W. Capron, interposes as a bar to this action, in so far as it seeks to hold her individually responsible for the negligence complained of, is that at the time of the alleged wrong and injury participated in by the testator, Herbert S. Capron, she was his lawful wife.

To this plea the plaintiff demurs on the grounds (1) that the said defendant Luella does not in her plea allege that at the time of committing the said wrong and injury she was under the coercion of her said husband ; (2) that said plea is not conclusive, but merely raises a presumption of law which is only a *prima facie* presumption ; and (3) that the matter set up in said plea can be shown under the plea of the general issue.

The declaration alleges that in the lifetime of said Herbert S. Capron, he and said Luella negligently caused a buggy in which they were driving to be driven against a bicycle upon which the plaintiff was riding, whereby he was injured.

The main question raised by the demurrer is whether a married woman can in any event be held liable for a tort committed by her in the presence of her husband.

We think this question must be answered in the affirmative.

At the common law the husband and wife are jointly liable for such of the wife's torts committed during coverture as fall within the following classes, namely : (1) where the husband is absent and had no knowledge of the intended act, as in *Head* v. *Briscoe*, 5 Carr and Paine, 484 ; (2) where the husband is absent but the tort is committed under his direction and at his instigation, as in *Handy* v. *Foley*, 121 Mass. 259 ; and (3) where the husband was present but the wife acted of her own volition, as in *Cassin* v. *Delaney*, 38 N. Y. 178.   See *Kosminsky* v. *Goldberg*, 44 Ark. 401.

The statement in 2 Kent Com. 149, cited by counsel for defendants in support of his plea, viz. : that if the wife commits a tort "in his company, or by his order" he alone is liable, is too broad, and is not sustained by the current of

authorities. *Handy* v. *Foley, supra ; Kosminsky* v. *Goldberg, supra.*

Where the tort is committed in the presence of the husband, and by his command or coercion, he alone is liable. To exempt her from liability, therefore, requires the concurrence of his presence and command, or coercion. *Cassin* v. *Delaney, supra.*

The plea which is demurred to in the case at bar, taken in connection with the allegations in the declaration, simply shows that the defendants were husband and wife and that they were together at the time of the commission of the wrong complained of. These facts, however, which are admitted by the demurrer, make out only a *prima facie* case in favor of the defendant Luella, and hence are not conclusive as to the plaintiff's right of action against her. That is to say : Under the facts shown in the pleadings a *prima facie* presumption arises that the defendant wife acted under the control and coercion of her husband in committing or participating in the commission of the tort relied on by the plaintiff. Said presumption, however, being only a *prima facie* one, may be rebutted in evidence by showing that the wife was the instigator of the wrong, or the more active party in the commission thereof ; or that the husband, although present, was incapable of coercing her. *Marshall* v. *Oakes*, 51 Me. 308 ; *State* v. *Shee*, 13 R. I. 535 ; *State* v. *Boyle, ib.* 537 ; Schouler's Dom. Rel 4th ed. § 75 ; Am. & Eng. Ency. of Law, vol. 15, 2nd ed. 899, and cases in note 7. The plea, therefore, is insufficient as a bar to the action in that it fails to allege that the wife was acting under the control, direction, or coercion of her husband. Ency. Pl. & Pr. vol. 10, p. 273 ; *Wagener* v. *Bill*, 19 Barb. 321 ; *Burnett* v. *Nicholson*, 86 N. C. 99 ; *Clark* v. *Bayer*, 32 Ohio St. at p. 311.

The decisions of this court in *Simmons* v. *Brown and Wife*, 5 R. I. 299, and in *Baker* v. *Braslin*, 16 R. I. 635, recognize and adopt the same general rule as that above stated as to the joint liability of husband and wife in such cases. In the latter case, Durfee, C. J., in delivering the opinion of the court, said : "It is true that, where husband and wife join

in committing a tort, the presumption is that she acts under marital coercion; but this presumption is *prima facie* only, and may be rebutted by proof that she acted of her own free will."

But the defendants' counsel contends that, under Gen. Laws R. I. cap. 194, § 14, the husband is solely liable for a tort in the commission of which both he and his wife participated. Said section provides that : "The husband shall not be liable by reason of the marital relation for any contract made or for any tort committed by his wife prior to their marriage; nor shall he be liable for any contract made after marriage by his wife; nor for torts committed by his wife after marriage, unless he participates therein or coerces her thereto."

The evident purpose of this statute is to restrict and lessen the common-law liability of a husband, both for his wife's contracts and torts. It relieves him of all liability for her contracts, whether ante-nuptial or post-nuptial; it also relieves him from all liability for her ante-nuptial torts, and leaves him liable only for those committed by her, after the marriage, in which he participates or which he coerces her to commit.

The statute, as we read it, simply leaves the husband subject to the same liability as to such torts as he was under at the common law. That is to say : Where he simply participates in the tort, he is jointly liable with her; and where he coerces her in the commission thereof, he is solely liable. To hold that he alone is liable simply because he is present and participates in the wrongful act would be to extend instead of lessen his common-law liability in a case like the one before us; and we do not think the statute was intended to have this effect. Moreover, if the intention of the General Assembly had been to make the husband solely liable in cases where he participates with his wife in the commission of the wrong, we think they would have said so in plain terms.

(2)   In this connection it is pertinent to remark that the evident intent of modern legislation in this State—and such seems to be the tendency of legislation in other States—is to

place a married woman upon practically the same basis or plane, with regard to legal rights and liabilities, as if she were sole and unmarried. And hence, in the construction of statutes relating to such rights and liabilities, we think that, in so far as may be, consistently with the language used therein, they should be so construed as to carry out the general purpose aforesaid.

As the demurrer to the plea in question must be sustained on the first two grounds assigned by plaintiff's counsel, there is no occasion for us to consider the third ground, namely, that the matter set up in the plea can be shown under the plea of the general issue. But see, as bearing upon this question, *Goodell* v. *Bates*, 14 R. I. 65.

The plaintiff's demurrer to the special plea in bar is sustained, and the case remanded for further proceedings.

*Terrence M. O'Reilly*, for plaintiff.

*William H. Sweetland*, for defendants.

NOTE, by Mr. Justice Tillinghast. For a full discussion of the effect of modern legislation relating to the property rights of married women, upon the common-law liability of the husband for her contracts and torts, see cases collected in Am. & Eng. Ency. of Law, vol. 15, 2nd ed. p. 897, note 1.