## TOWNSLEY *v.* YENTSCH.

### Opinion delivered March 20, 1911.

1.  HUSBAND AND WIFE—LIABILITY OF HUSBAND FOR WIFE'S TORTS.—A husband is liable for a slander committed by his wife. (Page 317.)

2.  LIBEL AND SLANDER—VARIANCE.—In an action of slander the plaintiff must prove the use of substantially the same words as those alleged in the complaint, it not being sufficient to prove the use of substantially different words, though of similar import. (Page 317.)

3.  INSTRUCTION—FORMAL DEFECT.—In a slander case wherein defendant is alleged to have falsely charged plaintiff with stealing, a general objection to an instruction directing the jury to find for plaintiff if defendant's wife falsely uttered words which in their common acceptation amounted to a charge of stealing is insufficient to point out that the instruction fails to contain the limitation that the slanderous words used must be substantially the same as those alleged in the complaint. (Page 317.)

4.  PLEADING—AMENDMENT TO CONFORM TO PROOF.—Where, in a slander case, the plaintiff was permitted, without objection, to prove that defendant used words substantially different, though of import similar to the alleged slander, the complaint will be considered as amended to conform to the proof. (Page 318.)

5.  LIBEL AND SLANDER—INSTRUCTION.—Where, in a slander case, the defendant was charged with having falsely charged plaintiff with stealing, it was not error to refuse an instruction to the effect that if defendant's wife said to plaintiff words implying that plaintiff had taken a basket without paying for it, this would not justify plaintiff in maintaining a suit against defendant, as such instruction denied a recovery by plaintiff, even though defendant's wife had charged plaintiff with stealing. (Page 318.)

6.  SAME—INSTRUCTION.—Where, in a slander case, the defendant was
    alleged falsely to have charged plaintiff with stealing, it was not error
    to refuse an instruction to the effect that if defendant's clerk asked
    a customer whether she had an article which she was supposed to have
    taken in her muff, this did not constitute slander; as such instruction
    would deny a recovery by plaintiff, even though the alleged slander
    was proved.  (Page 318.)

7.  SAME—ELEMENTS OF DAMAGES—INSTRUCTION.—It was not error, in a
    slander case, where there was evidence tending to prove that plain-
    tiff suffered a nervous shock by reason of the slanderous charge
    complained of, to instruct the jury that physical pain is a proper
    element of damages in such case.  (Page 319.)

8.  SAME—DAMAGE TO REPUTATION—INSTRUCTION.—It was not error, in a
    slander case, to instruct the jury that they might consider the ele-
    ment of injury to reputation in fixing the damages, although the al-
    leged slanderous words were used in the presence of strangers who
    knew nothing of plaintiff, and the charge was retracted in a few
    moments and in the same place.  (Page 319.)

9.  SAME—DAMAGES—REMITTITUR OF EXCESS.—Where the injury to plain-
    tiff's reputation by a slander was slight, consisting of a merely tem-
    porary humiliation, and where the slander was retracted after a few
    moments, an award of $1,000 as damages will be reduced to $500.
    (Page 320.)

Appeal from Pulaski Circuit Court; *Robert J. Lea,* Judge;
affirmed.

*George W. Murphy* and *Morris M. Cohn,* for appellants.

1.  F. P. Townsley was never served with summons, and is
improperly named in the judgment.

2.  An abstract instruction is misleading and improper.  14
Ark. 530; 37 Ark. 580; 6 Ark. 156.  Instruction 4 is erroneous
not only for this reason but also because it assumes facts to exist
which are in controversy, and allows a recovery for physical pain,
which is neither a natural nor probable consequence of slander.
62 Atl. 272.

3.  Where no ill will is shown, in an action for slander, only
compensatory damages can be recovered.  55 Ark. 494; *Id.* 501.
The absence of ill will on the part of Mrs. Townsley would cer-
tainly not justify an award of punitive damages against C. G.
Townsley.  As to him, before punitive damages could be awarded,
it would be necessary, not only to prove special ill will on the part
of Mrs. Townsley, but also to show that he ratified what she did,
with knowledge of all the material facts.  64 Ark. 217; 76 Ark.

422; *Id.* 563; 77 Ark. 606, 608; 39 N. Y. 381; 43 Hun 336; 139 Pa. St. 289; 21 Atl. 157; 52 Ia. 59; 47 La. Ann. 436; 46 N. Y. Supp. 1038; 33 Neb. 582; 65 Ark. 145; 1 East 106. In this case instructions were erroneous which authorized the jury to find for the plaintiff if in their opinion Mrs. Townsley used words which in their common acceptation amounted to charging plaintiff with having committed larceny, without regard to whether the words proved were either literally or in substance the same as the words charged in the complaint. 77 Ark. 64.

4. Words implying that plaintiff had taken a basket without paying for it would not, of themselves, support an action against the appellant. It was error, therefore, to refuse the fifth instruction requested by defendant. 76 Ark. 348; 64 Ark. 538; 53 Pa. St. 418; 27 *Id.* 112; 57 S. W. 973; 25 Gratt. 495; 120 Ind. 43; 40 Ind. 533; 8 Blackf. 414; 5 Blackf. 393; 6 Bush 518; 14 Me. 317; 34 Mo. App. 315; 63 Am. St. Rep. 356.

It was likewise error to refuse instruction 13 requested. There was evidence to support it.

*Gus Fulk* and *Bradshaw, Rhoton & Helm,* for appellee.

1. The instructions are not abstract. Appellant's objections to instructions given ought not to be considered, because no specific objection to any instruction given was pointed out to the trial court. Its attention was not called to the length of any instruction, nor to the use of the words "physical pain," now objected to by appellant. Neither was the court's attention specifically called to the point that the instructions should have contained the words, or substantially the words, charged in the complaint or shown by the testimony. 90 Ark. 112; 66 Ark. 46; *Id.* 264; 74 Ark. 355; 70 Ark. 563.

2. C. G. Townsley is not only liable for Mrs. Townsley's words and acts because she was his agent within the scope of her authority but also because she was his wife and committed the tort in his presence. 92 Ark. 487; 44 Ark. 401.

3. In an action for slander, the proof need not correspond in every minute detail with the words as charged in the complaint, provided the identity of the charge is made out. 25 Cyc. 485, note 19; *Id.* 487, note 28; 84 Ark. 487.

Where no objection has been made to the introduction of testimony, the pleadings will be considered amended so as to con-

form to the proof.    75 Ark. 181; 76 Ark. 551; 84 Ark. 37; 85 Ark. 217.

McCULLOCH, C. J.    The plaintiff, Mrs. Ella Yentsch, sued defendants, C. G. Townsley and his son F. P. Townsley, for damages on account of slanderous words alleged to have been uttered to and about plaintiff in the presence of others by Mrs. Townsley, the wife and mother of defendants.    The alleged slanderous words consisted of an accusation of having stolen a basket.

The jury returned a verdict in favor of the plaintiff, assessing actual damages in the sum of one thousand dollars (no punitive damages being assessed by the jury).    Judgment was rendered on the verdict, and an appeal to this court has been duly prosecuted.

F. P. Townsley was not summoned to answer the complaint, and did not appear, the action seeming to have been abandoned as to him.    The circuit court inadvertently, it appears, rendered judgment against F. P. Townsley as well as against his father and as to him the judgment must be reversed.

The defendant C. G. Townsley was engaged in the mercantile business in the city of Little Rock, operating what is known as the "Dollar Store."    His wife assisted him in the store, waited on customers, superintended the clerks, and overlooked the business generally.    F. P. Townsley was an electrical engineer in Milwaukee, Wisconsin, but was at home visiting his father and mother for a short time, and while here he assisted them in the store.

On December 20, 1909, which was during the rush of the holiday trade, Mrs. Yentsch, came in, and went to a table in the middle of the store to look at some ornamental wall baskets or whisk-broom holders, which were displayed on the table.    All of the clerks—most of them ladies—were busy at the time waiting on other customers, so for that reason no one went to wait on Mrs. Yentsch.    She picked up a basket to examine it, and looked around for a clerk of whom to ask the price, but, observing that all were busy and being in a hurry to return home, she put the basket down and started along the aisle to the door.    Mrs. Townsley observed Mrs. Yentsch, as she relates, picking up the baskets and putting them down again as if examining them, and as Mrs. Yentsch started down the aisle Mrs. Townsley thought she ob-

served that Mrs. Yentsch still had one of the baskets. She called to her son, who was standing near the front door, to tell the lady with the furs (meaning Mrs. Yentsch) that she wanted to speak to her. F. P. Townsley, in compliance with his mother's request, spoke to Mrs. Yentsch, and said: "Wait a minute; mother wishes to speak to you." C. G. Townsley was in the store at the time, and did not participate in the occurrence, and was not, so far as the testimony discloses, immediately present.

Thus far the facts are undisputed, but as to what was said by Mrs. Townsley the testimony is sharply conflicting. The plaintiff testified that Mrs. Townsley seized her by the arm, and said: "I want that basket you have got. I saw you steal it; you have got it in your muff;" at the same time took the muff off her arm, running her hands through it, and searching around her body. She says that she went on out of the front door, without fully realizing for the moment that she had been accused of stealing, but, after standing out in the vestibule a few minutes, she returned and said to Mrs. Townsley: "It just came to me that I have been accused of stealing;" and that the latter replied: "Well, I thought I saw you pick up that basket and make for the door;" and she then said to Mrs. Townsley: "You must be very careful in the future about such mistakes," and went on out, thus closing the incident.

She testified that she was greatly humiliated and embarrassed on account of the accusation, and was nearly sick from it for two or three days; that several customers were present at the time, none of whom she was acquainted with, and no one spoke to her about it except a Mrs. Daniel, who was present and displayed considerable solicitude concerning her, though not acquainted with each other at the time.

Mrs. Daniel testified substantially the same as plaintiff as to what was said by Mrs. Townsley.

Lula Davis, another witness introduced by plaintiff, testified that Mrs. Townsley seized plaintiff's arm, and took off her muff, searching it, and said, "I thought you had a basket," or "Did you have a basket?" Still another of plaintiff's witnesses gives the following account of the occurrence: That F. P. Townsley said to the lady (plaintiff): "Wait a minute; mother wishes to speak to you"; that Mrs. Townsley came up and asked the lady: "Do

you want the basket?" The lady replied: "What basket?" Mrs. Townsley asked: "Did you have one in your muff?" She answered: "I have not." And Mrs. Townsley said: "That's all right; go ahead." That plaintiff went out the door, and in a few moments came back and talked a little while with Mrs. Townsley. That plaintiff left, and, after being gone fifteen or twenty minutes, came back and walked about the store, talking angrily to different persons that were shopping.

Mrs. Townsley testified that she thought she saw a basket in plaintiff's hands as she started down the aisle, and supposed she was looking for a clerk, and would stop at the last clerk before she reached the door; that she followed plaintiff, and asked, "Do you want the basket?" or "Have you a basket?" That plaintiff replied: "I have no basket." And she then said to her: "All right." That plaintiff came back in a few minutes, and asked: "Do you think I would steal?" to which she replied: "Why, I don't know you, and you don't know me," and explained to plaintiff that it was easy to make mistakes around a big store. That plaintiff asked: "Do you apologize?" and she replied: "I certainly do," which ended the incident. Other witnesses corroborated Mrs. Townsley.

The court gave instructions submitting the questions to the jury as to the agency of Mrs. Townsley for her husband and of her authority as such and also as to his ratification of her conduct. We need not pass on the correctness of these instructions, inasmuch as the undisputed evidence shows that the slanderous words, if used at all, were used by the wife of defendant C. G. Townsley; and if they were used, he is liable for the damage. *Jackson* v. *Williams,* 92 Ark. 487.

It is insisted that the court erred in giving instructions which authorized the jury to find for plaintiff if Mrs. Townsley used slanderous words which amounted to an accusation of stealing, even though the words were not literally or in substance the same as those set forth in the complaint. The rule is well settled that in an action for slander the plaintiff must prove the use of substantially the same words as those alleged in the complaint, it not being sufficient to prove the use of substantially different words, though of similar import. *Miller* v. *Nuckolls,* 77 Ark. 64.

We do not, however, think that this rule was violated in the

instructions. It is true that in the instruction of which defendant complains the court told the jury to find for the plaintiff if Mrs. Townsley falsely uttered words which in their common acceptation and under the circumstances used amounted to a charge of stealing. This was not strictly correct, as it failed to limit its application to words substantially the same as those set forth in the complaint, but, as plaintiff proved the use of words by Mrs. Townsley substantially the same as those mentioned in the complaint, a specific objection ought to have been made to the instruction, calling attention to the fact of the omission to limit its application to substantially the same words. A general objection was not sufficient. *St. Louis, I. M. & S. Ry. Co. v. Barnett*, 65 Ark. 255; *McElvaney v. Smith*, 76 Ark. 468.

Some of the witnesses testified to the use of words substantially different from those mentioned in the complaint, though they might be considered in their common acceptation and under the circumstances as amounting to a charge of larceny. But, if appellant deemed this matter of sufficient importance to have the jury pass upon it, he should have made a specific objection to the instruction on that subject. As the instruction was given, it was probably understood by the jury to refer to the words proved by plaintiff, which were substantially the same as those charged in the complaint.

There is still another reason we think why the instruction on the question was not prejudicial. The plaintiff was permitted to prove by witnesses other than himself, without objection from defendant, the use of words which were substantially different from those set forth in the complaint, but which, under the circumstances, amounted in their common acceptation to a charge of stealing. This testimony being admitted without objection, the pleadings may be considered as amended to conform to it.

The court refused to give two instructions requested by defendant, as follows:

"5. Although the jury may believe that Mrs. Townsley, as an employee of the defendant, C. G. Townsley, said to the plaintiff words implying that the plaintiff had taken a basket without paying for it, this would not of itself justify the plaintiff in maintaining a suit against the defendant, C. G. Townsley.

"13. If a clerk, employee, or manager in a store notices a

visitor or customer at a table examining baskets or trinkets, and then, on seeing her turn away, thinks she has found the article she wants, and is looking for a clerk to ascertain the price, goes to her, asks her if she wants the article, and, on being told by the visitor or customer that she has not the article, says, 'Didn't you have it in your muff?' or 'Didn't you have one in your muff?' or words of similar import, this does not constitute slander."

These instructions were wrong because they denied a recovery by plaintiff, even though she had proved the use of words which amounted in their common acceptation to a charge of stealing.

The following instruction, given at plaintiff's request, was also objected to:

"4. You are instructed that in an action for slander the law implies some damage from the uttering of actionable words; and the law further implies that the person using the actionable words intended the injury the slander is calculated to effect; and in this case if you find for the plaintiff on that part of the complaint alleging slander you will determine from all the facts and circumstances proved what damages ought to be given her, and in assessing the damages you are not confined to any mere pecuniary loss sustained; physical pain, mental suffering, humiliation, and injury to reputation or character, if proved, are proper elements of damages."

It is insisted, in the first place, that the instruction assumed that Mrs. Townsley used actionable words. We do not think it is open to that construction. On the contrary, it clearly submits that question to the jury. In the next place, it is contended that the instruction was erroneous in submitting the question of physical pain and of injury to reputation and character as elements of damage.

A majority of the judges have concluded that there was evidence from which the jury might have found that plaintiff sustained injury to her reputation by reason of the accusation, even though it was in a few moments retracted. They think that even a retracted accusation of dishonesty is calculated to result harmfully by reason of lowering the estimate of the character of the one accused in the minds of those who heard the charge and the retraction. They think, too, that the words "physical pain" used

in the instructions were understood by the jury to be considered as referring to the nervous shock resulting from the humiliation of the occasion, and that this was properly considered in connection with the humiliation and mental pain resulting from the slanderous charge. For myself, I must say that, in view of the sharp conflict in the evidence as to any actual damage at all, I think the instruction was prejudicial, and that the judgment should be reversed. The words were used in the presence of strangers who knew nothing of plaintiff or her reputation, and the charge was retracted in a few moments and at the same place. She had not stolen a basket, and that fact was fully demonstrated in the presence of those who heard the accusation; therefore no injury to reputation resulted, for no person went away with the impression that she still rested under the imputation. It seems to me there was no evidence at all of any injury to plaintiff's reputation. Her own statement of the facts shows she left the store finally, after the last conversation with Mrs. Townsley, with the feeling that the charge had resulted only in temporarily humiliating her in the presence of strangers. In her last words she expressed to Mrs. Townsley nothing more than a grievance for a mistake unnecessarily made by the latter. Nor do I think that we should say that no prejudice resulted from the use of the words "physical pain" in the instruction. The use of those words in the instruction gave the jury the privilege of going out into a realm of uncertainty where their assessment of damages can not be measured by the evidence adduced.

The majority of the judges agree, however, that the injury to plaintiff's reputation, if any, was very slight, and that the injury consisted in the main of mere temporary humiliation for a short time. They reach the conclusion that the verdict is excessive, and cannot be sustained for more than $500. In this I fully agree. So the judgment is modified by reducing it to the sum of $500, and to that extent it is affirmed.

KIRBY, J., dissents as to reduction of amount of damages.