## MINOR v. MAPES.

### Opinion delivered February 19, 1912.

1. NEGLIGENCE—USE OF STREETS.—While drivers of automobiles and other vehicles have the right to share the street with pedestrians, they must anticipate the presence of the latter and exercise reasonable care to avoid injuring them, commensurate with the danger reasonably to be anticipated. (Page 354.)

2. SAME—NEGLIGENCE OF AUTOMOBILE DRIVER.—Proof that the driver of an automobile running over twelve miles an hour, ran within four feet of a street car and collided with one who had just alighted from the car will sustain a finding that such driver was negligent. (Page 354.)

3. SAME—CONTRIBUTORY NEGLIGENCE.—As a general rule, it is not negligence as matter of law for a pedestrian to attempt to cross a public

street, not a railroad crossing, without looking up and down, but it is
a question for the jury to say whether due care has been exercised by
him in a particular instance. (Page 354.)

4. Husband and wife—liability for wife's torts.—A husband is
liable for torts committed by his wife, whether committed in or out of
his presence, or whether committed at his command or not. (Page
355.)

Appeal from Garland Circuit Court; *Calvin T. Cotham*,
Judge; affirmed.

*Greaves & Martin*, for appellant.

1. While the driver of an automobile is required to use
all the care and caution which a careful and prudent person
would exercise under the same circumstances, yet he has the
right to assume, and act upon the assumption, that others using
the highway will also exercise a like caution and not recklessly
expose themselves to danger. It is only when a driver realizes
that a footman is in a position of danger that he is required to
exercise additional care to avoid a collision. 77 N. Y. Supp. 276.

Automobile drivers and pedestrians have equal rights to
the use of the streets, and each is bound to exercise ordinary
care for his own safety and to prevent injury to others. *Mill-
saps* v. *Brogden*, 97 Ark. 469. Under the rule laid down in
this case, appellant was not negligent.

2. From appellee's own statement, he was guilty of con-
tributory negligence, and the court should so have charged the
jury. 76 Ark. 12; 95 Ark. 192. It was his duty in crossing
the street to look along the street in the vicinity of the crossing,
in both directions for a reasonable distance for coming vehicles
45 N. Y. 191, 6 Am. Rep. 66; 30 Am. Rep. 620; Beach on Con-
tributory Negligence, § § 268-9; 58 N. Y. 631; Thomas, Negli-
gence, 1140, 19 L. R. A. (N. S.) 160; 22 *Id*. 470.

3. Under the facts in the case the appellant is not liable,
unless because of the relation of husband and wife. His *prima
facie* liability because of that relation is a mere presumption
such as could be overcome by proof, and there was evidence to
overcome such presumption is this case. 44 Ark. 401; 86
Ark. 130. Since the court could from the evidence say as a
matter of law that the *prima facie* presumption had been over-
come by sufficient evidence, it should have instructed a verdict
for the appellant. 75 Ark. 406, 409; 71 Ark. 445; 33 Ark. 146.

*Appellee, pro se.*

1. Appellant was guilty of gross negligence in running the automobile at excessive speed so near to the street car at a time when he knew that the street car had stopped to receive and discharge passengers, instead of running at a reasonable speed and a reasonable distance from the car track. 99 S. W. 247, 30 Ky. L. Rep. 500, 8 L. R. A. (N. S.) 1228. Appellant should have kept his automobile under such control that he could have readily stopped it in case of an emergency. He was under the duty to exercise all the care and caution which a careful and prudent driver would have exercised under the circumstances—the care commensurate with the known or reasonably to be apprehended danger. 77 N. Y. Supp. 276; 22 L. R. A. 635; 94 Ind. 72, 75; 39 Md. 243, 249; 81 Mo. App. 155, 163; 5 N. Y. Misc. 209, 210, 25 N. Y. Supp. 91; 54 Pa. St. 345; 93 Am. Dec. 708; 117 N. W. 531, 534.

2. There is no proof of contributory negligence on the part of appellee. Pedestrians have the same rights in the streets as vehicles. One is not required to stop and look in both directions before attempting to cross a street, and the law only requires of him that he act with ordinary prudence, and he has the right to presume, and act upon the presumption, that others will exercise the same prudence. 65 Atl. 778, 780; 67 Atl. 87.

3. The ownership of the automobile is not material, and the fact that his wife was driving it does not relieve him from liability. 44 Ark. 401.

McCULLOCH, C. J. Appellee sued appellant in the circuit court of Garland County to recover damages on account of personal injuries resulting from alleged negligence on the part of appellant in driving an automobile, or causing it to be driven, along Central Avenue in the city of Hot Springs. Appellant and his wife were in the machine at the time, the latter driving. Appellee alighted from a street car, at the front end of it, which was customary, and started across the track in front of the car to go to the opposite side of the street. He hesitated at first, but the motorman told him to go ahead, and he proceeded to cross. As he stepped beyond the end of the car, the automobile, which was running at a speed of ten or twelve miles per hour struck him and knocked him down. He was just stepping

on the other track, about four feet from the street car, when the automobile struck him. It was a rainy day, and he had his umbrella raised and was walking rapidly. He testified that the street car obstructed the view down the street, and that as he passed the car he looked down the street but didn't see the automobile approaching, and failed to see it until too late to get out of the way. There was a space of sixty feet between the street car and the other side of the street.

Appellant testified that he purchased the machine, and gave it to his wife for her own use—that she drove it herself, and that he never attempted to drive and knew nothing about handling a machine of that kind. There was testimony to the effect that appellant paid the city vehicle license fee for operating the machine.

The verdict was in appellee's favor for recovery of damages.

It is insisted that the evidence fails to establish negligence on the part of appellant, and that the undisputed evidence shows negligence on the part of appellee which bars recovery. We think that on both of those issues the verdict is sustained by sufficient evidence.

The machine was being operated at a rapid rate of speed, unnecessarily near the street car, though there was abundant space further out in the street for the machine to pass along. It was customary for passengers to alight from the front end of street cars, and it was reasonably to be anticipated that they might pass in front of a car going to the other side of the street. The jury was warranted in finding that it constituted negligence for an automobile driver to run the machine at a rapid speed so near a street car which had stopped for passengers to alight.

Automobilists and the drivers of other vehicles have the right to share the street with pedestrians, but they must anticipate the presence of the latter and exercise reasonable care to avoid injuring them. Care must be exercised commensurate with the danger reasonably to be anticipated. *Gregory* v. *Slaughter*, (Ky.) 99 S. W. 247, 8 L. R. A. (N. S.) 1228.

The question of contributory negligence on the part of appellee was one for the jury, and was properly submitted. It can not be held that the failure of a pedestrian upon a public street to look up and down the street before crossing constitutes,

under all circumstances, negligence as a matter of law. There is no statute or rule of law which raises a presumption of negligence from the failure of a pedestrian, on a public street, not at a railroad crossing, to look. The rule is, that a pedestrian, having equal rights with others to the use of the streets, must exercise ordinary care for his own safety, and this is generally a question for the jury to say whether such care has been exercised. *Millsaps* v. *Brogdon*, 97 Ark. 469.

It is next insisted that, according to the undisputed evidence, appellant did not own the machine nor control it, but was merely riding therein with his wife, who was driving, and that for that reason no liability on his part is established. It is contended, in other words, that, it being shown affirmatively that the wife was not acting under the compulsion of the husband, he is not responsible for negligence on her part which caused the injury. In this contention learned counsel are mistaken as to the law on the subject. At common law the husband was liable for torts committed by the wife, whether committed in or out of his presence, or whether committed at his command or not. Such is the law in this State now. *Kosminsky* v. *Goldberg*, 44 Ark. 401; *Jackson* v. *Williams*, 92 Ark. 486. The only difference is that where the tortious act is committed in the immediate presence and under the direct compulsion of the husband, the wife is not liable, and the husband alone is liable. In other instances, where the tort is committed in the absence of her husband or, if in his presence, without any control or compulsion on his part, the husband and wife are jointly liable and must be joined in the action, the liability of the husband ceasing upon the dissolution of the marriage relation. *Kosminsky* v. *Goldberg*, *supra*. No question was raised below as to the failure to join the wife as defendant in the action, and that question must be deemed as waived, and can not be raised here for the first time. *Townsley* v. *Yentsch*, 98 Ark. 312. But, aside from the question of the husband's common-law liability for torts of the wife, we are of the opinion that the evidence was sufficient to warrant the jury in finding negligence on the part of appellant. The rule is, that where one rides in a public conveyance, or merely upon the invitation of some third party, and exercises no control over the driver, and is not guilty of any positive act of negligence, the negligence

of the driver can not be imputed to him so as to render him liable for injuries to another person. *St. Louis & S. F. Rd. Co.* v. *McFall*, 75 Ark. 30; 1 Thompson on Negligence, 502; *Little* v. *Hackett*, 116 U. S. 366; *New York, L. E. & W. Rd. Co.* v. *Steinbrenner*, 47 N. J. Law 161, 23 A. & E. Rd. Cases, 330. This rule can not however, be extended so as to afford an avenue for the husband's escape from liability on account of negligent act of his wife or minor child with whom he is driving in an automobile or other vehicle. He is presumed to exercise some control over them under those circumstances, at least to the extent of preventing an act of negligence which is calculated to result in injury to other persons, and it is his positive duty to do so. In this instance the husband was sitting beside his wife, who was driving the machine, and whatever danger there was in driving too near the street car was as obvious to him as it was to her. He needed no knowledge or experience in the operation of the machine in order to apprise him of such danger. To say that the husband was not liable for the negligent act of the wife committed under those circumstances would be to absolve him entirely from any duty to fellow-travellers.

The court gave an instruction which is in conflict with some of the views we here express, but as it was in appellant's own favor and the verdict, notwithstanding that, was against him, he can not complain of it.

We are of the opinion that the verdict was supported by the evidence, and it is not contrary to any rule of law applicable to the facts of the case. The judgment is therefore affirmed.