## DALE *v.* HALL.

64   221
f86  139

### Opinion delivered June 26, 1897.

COUNTER-CLAIM—CONNECTION WITH SUBJECT OF ACTION.—Where a tenant in common, having control of the renting of the premises held in common, is sued by his co-tenant for his share of the rents, he may counter-claim against the co-tenant damages sustained by him because the latter wrongfully induced lessees of such premises to leave before their leases expired, and thereby caused him to lose his share of the rents which would have accrued but for such interference. (Page 223.)

BILL OF EXCEPTIONS—AMENDMENT.—A deficiency in a bill of exceptions cannot be supplied by a certificate of the presiding judge. (Page 225.)

DAMAGES—SUFFICIENCY OF EVIDENCE.—The amount of damage sustained by the wrongful driving away of one's tenants is sufficiently established by proof of the amount of the rents which would have accrued but for such interference. (Page 225.)

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

*J. H. Crawford*, for appellant.

A claim for unliquidated damages cannot be sustained as a set-off to a suit for an accounting of rents by one tenant in common against another. Sand. & H. Dig., § 5917; 61 Ark. 26; 4 *id.* 527; 54 *id.* 187, 190; 118 Ill. 403; 9 N. E. Rep. 201. If sustained at all, it must be as a counter-claim under § 5723, Sand. & H. Dig. But it did not arise out of the contract or transaction sued on. Tied. Real. Pr. §§ 651, 652; 29 Minn. 95; 12 N. W. Rep. 149; 34 Pac. Rep. 90, 92; 148

N. Y. 463; 42 N. E. Rep. 1048; 68 Vt. 219; 33 L. R. An. 225; 11 *id.* 545; 13 Wend. 261; 98 Cal. 578; 6 Q. B. Div. 333; Cooley, Torts (2 Ed.) pp. 330, 581, 830; 9 N. Y. 444; 21 L. R. An. 231, and note; 56 N. W. Rep. 135, 137; 30 Neb. 406; 46 N. W. Rep. 644; 48 Kas. 166; 29 Pac. Rep. 558; 22 Ark. 409; 32 *id.* 281; 48 *id.* 396, 401, 402; 55 *id.* 312; Bliss, Code Pl. § 375; 40 Ark. 72.

*J. E. Bradley*, for appellee.

The counterclaim in this cause comes clearly within the clauses of § 5723, Sand. & H. Dig. It grows out of the transaction set forth as the foundation of plaintiff's claim, and is founded upon the subject of the action. 64 N. W. Rep. 1000; 57 *id.* 982; 22 L. R. A. 544; 35 Pac. Rep. 380; 55 N. W. Rep. 418; 27 Ark. 489; Newman, Pl. & Pr. p. 606; Bliss, Code Pl. §§ 375, 377; 1 Taylor, Land. & Ten. (8 Ed.) § 374. As to liability of plaintiff see Tiedeman, Real Pr. § 253; *ib.* § 255; Sand. & H. Dig., § 5917.

BUNN, C. J. The appellee, E. M. Hall, was the owner of an undivided half interest in certain lots in the city of Arkadelphia, and other persons, previously to the first of February, 1894, were the owners of the other half interest, when they sold and conveyed their interest to appellant, J. R. Dale. Before and up to this time, there had been an arrangement between the tenants in common that Hall should have the management and control of the renting of the lots, and should collect the rents for the benefit of all; and under this arrangement, about the latter part of December, 1893, and the first part of January, 1894, Hall had rented the lots and tenements thereon to three several persons for the period of one year at a stipulated rate per month to each, and they took possession under said rent contract of their respective portions.

The proof shows that Dale, after his purchase, acquiesced in the former arrangement, in so far as that Hall should continue to collect the rent for the benefit of both, but the proof does not show, or at least there is a conflict of testimony, as to whether or not Dale knew the time for which the tenants had rented. At all events, he was bound by the contracts made

with these tenants, by his vendors, through Hall, as they were made before his purchase. These tenants continued to occupy their respective lots, and to pay the rents thereon to Hall, until about the 1st of May, 1894, when Dale gave them notice to quit, and demanded that they deliver possession to him. Two of them, under the notice to quit, and, the testimony shows, acting upon additional considerations, surrendered at once, and abandoned their contracts. The third one quit about the 1st of September, 1894, and the lots remained unoccupied the remainder of the year from the times of these surrenders as stated. On the 14th of December, 1894, Dale sued Hall in the common pleas court of Clark county for his share of the rents collected by Hall from the tenants up to the time of their surrender as stated. Hall answered, admitting that he was due Dale a portion of the amount claimed, in so far as the rents collected were concerned, but set up a counterclaim for damages against Dale, in this, that he had driven off the tenants, and made it impossible to collect any rents afterwards, whereby Hall had been deprived of his half of the rents accruing, or that would have accrued, after the time the tenants quit, had it not been for the conduct of Dale; and this counterclaim exceeded the claim of Dale by ten dollars.

The principal question in this case is, whether or not the claim of Hall for damages is the subject of counterclaim under the rules of pleading?

In the Encyclopedia of Law, vol. 22, page 384, paragraph 4, it is stated that: "A counterclaim must be a claim either arising out of the contract or transaction sued on, or connected with the subject-matter of the action; or, in actions upon contract, it may be some other contract. It must consist in a set-off, or a claim by way of recoupment, or be in some way connected with the subject of the action stated in the complaint." And this statement is supported by various authorities therein referred to and cited.

Bliss on Code Pleading, § 367, says: "The answer which sets up a counterclaim must state facts which constitute a cause of action against the plaintiff, and its sufficiency is to be governed by the same rules that would apply to the complaint

or petition if the defendant had sued the plaintiff." The counterclaim in this suit manifestly meets this requirement.

Again, in the second paragraph of the same section, it is said that: "The counterclaim is founded upon a cause of action which the defendant may, at his option, prosecute independently. This is the general rule, but in some of the states that right is qualified."

There are three classes of counter-claim, viz: "First, a demand existing in favor of the defendant and against the plaintiff, which arises out of the contract upon which the plaintiff has based his action; second, a demand so existing which arises out of the transaction" (a broader term than contract) upon which the plaintiff has based his action; and, third, a demand so existing which need not necessarily arise out of either the contract or transaction involved in the action, but it is sufficient if it is connected with the "subject of the action." And this phrase is broader in its meaning than either or both of the other two. The three classes are discussed in sections 371, 372 and 373, respectively, in the same work, and we may direct our attention solely to the third class as including or not including the counterclaim in this case.

In the Encyclopedia of Law, vol. 22, page 398, paragraph second, it is stated: "A separate and distinct violation of the provisions of the contract sued upon, or a violation of the provisions of a contract collateral to, but inseparably connected with, the contract in suit, or a violation of, or an infringement upon, the same or reciprocal rights, or a right or claim to recover that which the plaintiff claims to have been injured or trespassed upon, or injuries to property rights with respect to which the claim of the plaintiff is asserted, are sufficiently connected with the subject of the action to constitute a good counterclaim."

The duty of Hall to Dale, under the special arrangement, was to collect and pay over to him his share of the rents for the rent term; and the reciprocal duty of Dale to Hall was to permit him to collect the rents for the term, without let or hindrance, at least as to his half of them, and this reciprocal duty conferred a reciprocal right upon Hall to have redress for damages for a violation of the duty; and it is difficult to

see how the counterclaim is not, in this way, sufficiently connected with the cause of action upon which the plaintiff has based his claim in this case.

In the third paragraph of section 126 of Bliss on Code Pleading, in discussing what is the subject-matter of an action, the author says: "Thus, in an action to recover the possession of land, the 'right' is the right of possession; the 'wrong' is the dispossession; the 'object' is to obtain possession; and the 'subject', or that in regard to which the action is brought, is the land, and usually its title. In an action for money due on a contract, the right is to the money; the wrong is the refusal to pay it; the object is the relief—that is, a judgment for the amount due; and the controversy is in regard to the subject-matter of the contract. which is not only the promise, but the consideration, and the matter, so far as it can be inquired into, in respect to which the promise has been made. As, if the agreement had been to pay money for land, the land and the title to it, so far as they affect the contract, enter into it, become part of its subject-matter, and, with the promise, become the subject of the action."

This much is given in illustration of the idea that the subject-matter is somewhat different from, and something more than, the cause of action; and to further illustrate by the case at bar, while the immediate cause of action upon which the plaintiff bases his claim is his right to judgment for the money which defendant had collected for him, yet the subject-matter of the controversy is the rent of the lots by the tenants for one year, for out of these rent contracts grew all the right of Dale to demand of Hall anything whatever in the suit; without these rent contracts Hall's liability as an agent could have no existence, for there could be no subject-matter of agency.

There is some controversy as to an alleged diminution of the original bill of exceptions, to the effect that some evidence going to show that Hall proved his damages has been left out, and the deficiency has been sought to be supplied by a certificate of the presiding judge substantiating the allegation of the appellee; but this, however true, we cannot consider, under the circumstances, and, besides, the damages, being nothing more than the loss of rents growing out of the quitting of

the tenants at the instance of the plaintiff, are sufficiently established by a showing of what these lost rents would have amounted to, which was made.

After all, as to the question of the admission of the counter-claim in the pleading, it is perhaps fair to say that no general rule governing all cases, even of a class, can be laid down. Each case will be governed perhaps by its own peculiar facts; while, at last, when there is nothing else to settle the doubtful application of a rule, the prevention of unnecessary litigation will serve as a weight in the wavering balance.

The judgment is affirmed.

BATTLE, J., concurs in the conclusion, but does not concur in all that said in the opinion.

Absent WOOD, J.