MAHONEY v. ROBERTS.

Opinion delivered April 27, 1908.

1. ACTIONS—MISJOINDER—PREJUDICE.—It was not a prejudicial error to join a cause of action for breach of a contract with another for a tort where the same evidence was necessary to sustain both causes, as the two causes of action, if brought separately, might have been consolidated under Acts of 1905, p. 791. (Page 137.)

2. WITNESSES—COMPETENCY OF WIFE.—A wife, sued jointly with her husband, may, under Kirby's Digest, § 6164, be required to testify at the instance of the adverse party, but, under Kirby's Digest, § 3095, she cannot be compelled to testify for or against her husband or concerning any communication made by one to the other during the marriage. (Page 138.)

3. TORT—PROCURING BREACH OF ANOTHER'S CONTRACT.—Persons who aid another to violate a contract with a stranger, whether for the pur-

pose of injuring the latter or for the purpose of obtaining some
benefit for themselves at the latter's expense, to his injury, are
guilty of an actionable wrong, and are liable for damages. (Page 139.)

4.  HUSBAND AND WIFE—LIABILITY FOR JOINT TORT.—A married woman
    is liable for a tort committed during coverture jointly by her hus-
    band and herself if in committing such tort she acted of her own voli-
    tion. (Page 139.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,*
Judge; affirmed.

*Carmichael, Brooks & Powers,* for appellants.

1.  Verdict is not supported by the evidence. The contract
was that Mahoney should not enter into said *business in competi-
tion* with Roberts. This means only the *same business,* for if
construed to mean *all business,* the contract would be void as in
restraint of trade. Beach on Monopolies and Ind. Trusts § 37;
71 S. W. Rep. 691, 695; 97 Mo. App. 64.

2.  In suits for conspiracy the wife is wholly relieved from
liability. Fritzherbert, N. B. 116; 44 N. C. 46 2 Munf. 15; 44
Ark. 640.

3  The names of Mrs. Mahoney and Collins should have
been stricken from the complaint for misjoinder of parties and
causes of action. Webb's Pollock on Torts (last Ed.), p. 66;
citing and reviewing *Lumley* v. *Gye,* Q. B. (1853); 11 L. R. A.
550, 545; 21 *Id.* 223. See also 44 C. C. A. 426; .105 Fed.
163; 62 L. R. A. 673. Two appellants can not be held liable for
the mere inducing another to break his contract, there being no
coercion. 91 Ky. 112; 48 N. Y. 430; 13 Lea, 508; 75 Me. 225;
159 Penn. 420; 91 Ky. 136. A malicious motive can not be a
cause of action. 67 L. J. Q. B. (N. S.), 119; 24 Pa. 308; 75
*Id.* 467; 13 Lea, 507; 72 N. Y. 43; 121 Mass. 114; 8 Gray, 409.

4.  Breach of contract and tort can not be joined. Anson
on Contracts, 273 and authorities *supra.*

5.  The rule in civil conspiracies is that, *damages,* and not
malice, is the gist of the action. 73 Ark. 437; 7 Hill (N. Y.),
107; Cooley on Torts, 85, 86; 4 Enc. Pl. & Pr. 739, 740.

6.  A married woman is not liable for her wrongs of the
nature of violation of contract. 39 Pa. St. 299; 46 Vt. 332; 48
Pa. St. 497; 5 La. Ann. 586; 11 Mo. 400; 49 N. H. 314; 97 N.

C. 106; 29 Tex. 523; 67 Me. 251; Webb's Pollock on Torts, 64. The action sounded in tort.  58 Ark. 138.

7.  The mere loan of money or property to help another is not a conspiracy.  73 Ark. 440; 8 Cyc. 649 note; 6 L. R. A. 230; 80 Ark. 438.

8.  Husband and wife can not be partners.  56 Ark. 277. Nor can they testify for or against each other.  Kirby's Digest, §§ 3094, 3095.

*J. G. Dunaway* and *J. W. Blackwood,* for appellee.

1.  The decree in the chancery court is *res judicata* on all questions except damages.  The verdict settles that, and is sustained by the evidence.

2.  This court has settled the law as to restraint of trade. 62 Ark. 101.  See 63 Am. Dec. 383; 106 Cal. 332; 69 Ga. 656; 45 Ga. 319; 6 Ill. App. 60; 145 Ind. 35; 32 Md. 561; 27 Mich. 15; 33 N. J. Eq. 597; 72 Hun (N. Y.), 43; 106 N. Y. 486; 143 N. Y. 488.

3.  A retiring partner who contracts to quit the business must quit.  He may be enjoined.  7 Daly (N. Y.), 355; 3 Green (Iowa), 596; 28 N. J. Eq. 151; 62 L. T. N. S. 453; 11 Ind. 70; 60 Pa. St. 458.

4.  A covenant not to carry on a certain trade, etc., is broken by the covenanter acting as manager, agent or employee.  55 Law Times N. S. 769; 166 Pa. St. 230; 42 N. J. Eq. 606; 18 W. R. 993; 4 Ch. D. 636; 38 L. J. 111; 36 Ch. D. 411; 19 W. R. 556; 118 Cal. 352; 6 Ind. 203; 34 How. Pr. (N. Y.), 202; 166 Pa. St. 230; 24 L. T. N S. 249; 40 W. R. 220; 61 N. H. 83; L. R. 7 Exch. 127.

5.  Using name of son or nephew as mere cover or blind is a breach of covenant.  32 Md. 561; 17 Law Times (N. S.), 486.

6.  All the defendants were responsible in a case like this when fraud, malice and conspiracy all unite, whatever may be ruling as to *Lumley* v. *Gye,* 2 El. & Bl. 216.  L. R. 6 Q. B. Div. 333; 107 Mass. 555; 76 N. C. 355; 70 Ib. 601; 21 L. R. A. 233; 62 L. R. A. 967; Addison on Torts, vol. 1, p. 37; Cooley on Torts (2d Ed.), 581; 40 L. R. A. (Md.), 382; 176 Ill. 608; 56 L. R. A. (W. Va.), p. 804; 62 L. R. A. 967; 80 Tex. 400; 16 S. W. 111.

7. Mrs. Mahoney's testimony was competent. 54 Ark. 159; 33 *Ib.* 611; 37 *Ib.* 298; 43 *Ib.* 307; 59 *Ib.* 180; 62 *Ib.* 26; 68 *Ib.* 180; Kirby's Digest, 3093; Vol. 15 of Am. & Eng. Enc. Law, p. 900.

8. The husband and wife may be jointly sued and charged for a tort done by both of them, if the wife does not act by the husband's coercion. 12 Mod. 246; 4 Bing. N. Cas. 96; 51 Me. 308; 114 Mo. 560; 49 N. H. 318; 56 N. H. 339; 45 La. Ann. 1221; 16 Neb. 306; Add. (Pa.), 13; 17 Q. B. D. 177; 67 Me. 259; 56 N. Y. 43; 17 R. I. 81; 3 Barb. (N. Y.), 500; 16 Mass. 389.

BATTLE, J. Mord Roberts brought this action against J. Mahoney and Emma E. Mahoney, his wife, and F. D. M. Collins. For cause of action he alleged in his complaint: "That on the 26th day of January, 1906, he and the defendant J. Mahoney were doing a partnership business in the city of Argenta, Arkansas, and were engaged in what is commonly known as the concrete and cement work and other kinds of business; that, being unable to agree in the further prosecution of their work as partners, they dissolved the said partnership by mutual consent, making certain divisions of the partnership property; and in consideration of $500, cash in hand paid by the said plaintiff to the said defendant, J. Mahoney, the said J. Mahoney entered into an agreement that he would not engage in said business in competition with plaintiff in Argenta, Arkansas. That the said J. Mahoney, being unable to engage in said business directly without violating his said agreement with plaintiff, conspired with his said co-defendants to unlawfully and fraudulently do business under the name of said defendant, Frank Collins, a minor under the age of twenty-one years, thereby seeking to circumvent said agreement and the spirit and terms thereof, and the said J. Mahoney and his wife, Emma E. Mahoney, furnished to the said Frank Collins teams, tools, implements, bondsmen and money with which to carry out the unlawful and fraudulent enterprise; that the said Collins is a son of the said Mrs. Mahoney, and a stepson of the said J. Mahoney, and they all live together, and have their office together in the city of Argenta, Arkansas, and collect the money from the work done in said business, and share the same in common as partners. That the said J. Mahoney is

skilled in the concrete and cement business, and is well known as such in Argenta, and is wilfully and unlawfully soliciting and doing business in Argenta, Arkansas, in gross and utter violation of his said contract with plaintiff, by the aid, connivance and assistance of his said co-defendants, Mrs. Emma E. Mahoney and F. D. M. Collins, to the great damage of the plaintiff, towit, in the sum of five thousand dollars."

The defendants demurred to the complaint on the following grounds:

"1. The complaint does not state facts sufficient to constitute a cause of action.

"2. For misjoinder of parties.

"3. For misjoinder of causes of action."

The defendant, Mrs. Mahoney, moved the court to strike her name from the complaint for the following reasons:

"1. That there is a misjoinder of parties.

"2. Because there is a misjoinder of causes of action."

The defendant Collins, asked to have his name stricken from the complaint for the same reasons.

The court overruled the demurrer and the motions to strike.

The defendants separately answered the complaint. J. Mahoney admitted the former partnership with plaintiff, and that he entered into a contract with the plaintiff that he would not again enter into the cement and concrete business in Argenta in competition with plaintiff; and he and the other defendants denied all the material allegations in the complaint; and Mrs. Mahoney pleaded her coverture in bar of the action against her.

"The plaintiff filed an amendment to his complaint, alleging that, in a certain case in the Pulaski Chancery Court wherein Mord Roberts was plaintiff and James Mahoney, Emma E. Mahoney and F. D. M. Collins were defendants, it was alleged by the said plaintiff that after the execution of the agreement between the said Roberts and the said James Mahoney, Emma E. Mahoney and F. D. M. Collins, being, respectively, wife and stepson of the defendant, J. Mahoney, unlawfully conspired with the said J. Mahoney and caused the said J. Mahoney to unlawfully do business under the name of the said Collins, thereby seeking to circumvent both the spirit and terms of said agreement, and the said Emma E. Mahoney furnished the said Collins teams,

apparatus and money with which to carry on the said cement business in the city of Argenta, contrary to the terms and agreement of said instrument. That, upon issues joined by the defendants, the Pulaski Chancery Court decreed, and the court, being well and sufficiently advised in the premises and after hearing the argument of the solicitors herein, doth find that the business conducted in the city of Argenta under the name of Frank Collins, or F. D. M. Collins, is in fact the business of J. Mahoney, and is in violation of the agreement entered into by the plaintiff, and J. Mahoney, on the 26th day of January, 1906. And that said agreement is lawful. The plaintiff alleges that the parties to the said suit in the Pulaski Chancery Court are the same as in this court, that the issues as to whether the business carried on by said Frank Collins was the business of J. Mahoney and a violation of the said agreement and that [whether] said agreement was lawful, were questions determined by the Pulaski Chancery Court, and plaintiff now attaches a complete transcript of the complaint, the amended complaint, the answers of the said defendants and the decree in the said cause as 'Exhibit A' to this amendment to the complaint."

The defendants answered the amendment and denied that the record in the Pulaski Chancery Court is *res judicata,* and stated the facts to be that the decree "itself shows that F. D. M. Collins and Mrs. Emma Mahoney were not mentioned in said decree."

The jury selected and impaneled to try the issues in the case, after hearing the evidence adduced by the parties and the instructions of the court, returned a verdict in favor of the plaintiff against all the defendants for $475. The court rendered judgment against them for that amount, and they appealed.

The evidence supporting the verdict of the jury shows the following facts:

Plaintiff, Mord Roberts, and the defendant J. Mahoney, previous to the 26th day of January, 1906, and on that day did a business as partners in Argenta, Arkansas, and had been engaged in what is commonly known as the concrete business; and on that day dissolved partnership, and entered into the following agreement:

"To all concerned: Today appeared before me James Ma-

honey and Mord Roberts, formerly of the firm of Mahoney &
Roberts, contractors, 116 Main Street, Argenta, Arkansas. The
object of this document is for the purpose of dissolving the above
partnership by mutual consent for a consideration of five hun-
dred dollars paid to Mahoney by said Roberts, which is hereby
acknowledged; Mr. Mahoney retaining all teams, wagons, tools
and other appurtenances pertaining to the business that he had
in his possession at the time of the formation of the above part-
nership. Mr. Mahoney relinquishes all his claims on cement,
block machine, and all royalties on products of said machine.
Mord Roberts by this agreement becomes in sole possession of
all the above, which is relinquished by Mr. Mahoney. Mr.
Roberts will continue the business at No. 116 Main Street, Ar-
genta, Arkansas, and assumes all liabilities of said partnership,
and is alone authorized to receive all bills due the former firm.
All future business and contracts contemplated by the above firm
reverts to Mr. Roberts. All material, such as rock, cement and
sand, is the property of said Mord Roberts; Mr. Mahoney agree-
ing to turn business of above nature over to Mr. Mord Roberts,
in the city of Argenta, Arkansas. Mr. Mahoney further agrees
that he will not enter into said business, in Argenta, Arkansas, in
competition to said Roberts.

"This January 26, 1906.

(Signed)  "MORD ROBERTS,<br>"J. MAHONEY."

On the 20th of August, 1906, plaintiff instituted a suit in the
Pulaski Chancery Court against the defendants, and alleged in
his complaint therein that, after the execution of the foregoing
agreement, "the defendants Emma E. Mahoney and F. D. M.
Collins, being, respectively, wife and stepson of the defendant,
J. Mahoney, unlawfully conspired with the said J. Mahoney and
caused the said J. Mahoney to unlawfully do business under the
name of the said Collins, thereby seeking to circumvent both the
spirit and terms of said agreement; and the said Emma E. Ma-
honey furnished to the said Collins teams, apparatus and money
with which to carry on the said cement business in the city of
Argenta, contrary to the terms of said agreement." After hear-
ing the evidence adduced in that case, the Pulaski Chancery
Court found "that the business conducted in the city of Argenta

under the name of Frank Collins, or F. D. M. Collins, is in fact the business of J. Mahoney, and is in violation of the agreement entered into by the plaintiff and J. Mahoney on the 26th day of January, 1906; and that said agreement is lawful;" and perpetually enjoined the defendants from carrying on the cement business in the city of Argenta in violation of said agreement.

Mrs. Mahoney is the wife of J. Mahoney, and Collins is the son of Mrs. Mahoney and the stepson of J. Mahoney. They are closely associated as a family, and all live and have their office in Argenta. Collins worked for J. Mahoney and plaintiff, while they were in partnership. After the dissolution of the firm, J. Mahoney, Mrs. Mahoney and Collins carried on the concrete business in Argenta, in the name of Collins. Mahoney furnished tools, teams, did concrete work, and superintended the work of the firm, free of charge, Collins was a minor, without any property subject to execution. He rendered services in the performance of labor and supervision of the business of the concern. Mrs. Mahoney had considerable property, and was treasurer. She received as much as $10,000 from the sale of one piece of her property. She received the money paid for work done, and paid with the same the expenses of the business, and advanced money necessary to secure contracts. Mahoney entertained great prejudice and ill will towards the plaintiff, and sought to injure him in his business, and made the business in the name of Collins subserve that purpose. Defendants concede that plaintiff has been damaged by reason of the violation of his agreement with Mahoney as much as the amount of the verdict. Mrs. Mahoney was required to, and did, testify in behalf of the plaintiff, in the trial of this action, over the objections of the defendants.

The first question in the case is, was there a misjoinder of causes of action in plaintiff's complaint? Appellants insist that there was, because J. Mahoney was sued for breach of contract, and the other defendants were sued for a tort. If this be true, was it prejudicial?

Section 6148 of Kirby's Digest provides: "The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The court had jurisdiction of both causes of action, and both causes could be joined in the same action and prosecuted to judgment, unless the defendants, or one of them, moved to strike out one of the causes. The same evidence was necessary to sustain both causes, except that it was necessary to show that Mrs. Mahoney and Collins caused J. Mahoney to violate his agreement. The same damages and judgment were recoverable in both cases. Had a separate action been brought for each cause, the court could have consolidated them and tried them as one action, under the act of May 11, 1905, which is as follows: "When causes of action of a like nature or relative to the same question are pending before any of the circuit or chancery courts of this State, the court may make such orders and rules concerning the proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so." Acts of 1905, page 798. The causes of action being relative to the same question, the two actions could have been consolidated. (*St. Louis, Iron Mountain & Southern Railway Company* v. *Broomfield*, 83 Ark. 288; *Mutual Life Ins. Co.* v. *Hillmon*, 145 U. S. 285.) As this could have been done if separate actions had been brought, it is difficult to see how the trying the two causes as one action in this case was prejudicial. There could be no prejudice in the plaintiff adopting the course the court could have compelled the parties to follow if two actions had been brought.

There was no error in compelling Mrs. Mahoney to testify on motion of plaintiff. Section 6164 of Kirby's Digest. But she could not be compelled to testify for or against her husband, or concerning any communication made by one to the other during their marriage. Such testimony, if any, upon objection, should have been excluded. A general objection to the competency of the witness would not have been sufficient, if any of the testimony had been admissible, as in this case.

The decree in the suit brought by appellee in the Pulaski Chancery Court against the defendants determined that the business done in the name of Collins was the business of J. Mahoney, and that Collins and Mrs. Mahoney aided him in transacting it; that the agreement entered into by appellee and appellant, J. Ma-

honey, on the 26th of January, 1906, was lawful and valid; and that the business transacted by the appellants was in violation of it. As to these facts, the decree is *res judicata.* The evidence adduced in the trial of this action, in addition to the decree, was sufficient to sustain the jury in finding that the assistance given to J. Mahoney by his co-defendants was for the purpose of inducing and did induce him to violate his agreement. No other satisfactory explanation can be given of the transaction or carrying on the business in the name of Collins, a minor, without the means sufficient to do so.

The evidence was also sufficient to sustain the jury in finding that the assistance was rendered with the intent to injure appellee (they participating in the evil intent of J. Mahoney), or for the purpose of obtaining some benefit for themselves at the appellee's expense, or both, to his injury. In such case they were guilty of an actionable wrong, a tort, and were liable for damages. *Dale* v. *Hall,* 64 Ark. 221; *Boysen* v. *Thorn,* 21 L. R. A. 233, and authorities cited in note; *Walker* v. *Cronin,* 107 Mass. 555; *Raymond* v. *Yarrington,* 62 L. R. A. 967; *Gore* v. *Condon,* 40 L. R. A. 382; *Doremus* v. *Hennessy,* 176 Ill. 608; *Angle* v. *Chicago, St. Paul, etc., Railway,* 151 U. S. 13, 14; *Lumley* v. *Gye,* 2 El. & Bl. 216; 2 Cooley on Torts (3d Ed.), page 592, and cases cited; Pollock on Torts, pp. 668, 669.

Appellant Mrs. Mahoney insits that she can not be held liable because of her coverture. In *Kosminsky* v. *Goldberg,* 44 Ark. 402, it is said: "For the wife's torts committed during coverture, the husband is responsible. Such torts may be committed under either of the following circumstances: 1. Where the husband is absent and had no knowledge of the intended act, as in *Head* v. *Briscoe,* 5 Carr. & Payne, 484 (24 E. C. L. R. 667), where a man was held answerable for a libel published by his wife, although they were permanently living apart. See also *Catterall* v. *Kenyon,* 3 Q. B. 309, 40 E. C. L. R. 749. 2. Where the husband is absent, but where the tort is done under his direction and instigation, as in *Handy* v. *Foley,* 121 Mass. 259. 3. Where the husband was present, but the wife acted of her own volition, of which *Cassin* v. *Delaney,* 38 N. Y. 178, is an example. And 4. Where the tort is committed in the company of the husband, and by his command or encouragement; for instances of which see *Daily* v. *Houston,* 58 Mo. 361; *Brazil* v. *Moran,* 8

Minn. 236. In the first three cases they are jointly liable, and the wife must be joined. She is in reality the offending party; and if the marriage should be dissolved by divorce or the death of either spouse before judgment recovered, the liability of the husband ceases. He is joined because she can not be sued alone. But in the last case supposed the law considers the tort as committed by the husband, and he alone is liable. To exempt her from liability, however, requires the concurrence of his presence and his command. A wrong done by his direction, but not in his company, does not excuse her; nor does his presence, if unaccompanied by his direction. * * * His presence raises a presumption that she was acting under compulsion. * * * Of course, this presumption may be rebutted by proof that he did not authorize or influence her act." Schouler on Husband and Wife, section 135; *Carleton* v. *Haywood,* 49 N. H. 314.

Mr. Schouler, in his treatise on Husband and Wife, says: "If the husband dies before damages are recovered in the suit, the wife alone remains liable. So it would seem that the common law recognizes a liability on her part which continues through the marriage relation; coverture operating, however, so as to suspend the remedy against the married woman, and to bring in as a joint party the custodian of her fortune." Schouler on Husband and Wife, § 136.

In this case Mrs. Mahoney held the purse strings of the firm, received the proceeds of the business, and with them paid the expenses and debts of the concern. She was the dominant party. The jury were justified in finding that she was free from coercion.

Judgment affirmed.

HILL, C. J., did not participate.