FORT SMITH LIGHT & TRACTION COMPANY *v.* BAILEY.

## Opinion delivered May 22, 1922.

1. ACTIONS—JOINDER—ELECTION.—Where causes of action against several defendants were improperly joined, but the actions were such that they might properly have been consolidated, it was not error to refuse to require plaintiff to elect upon which cause of action he would proceed.

2. JURY—CONSOLIDATION OF CAUSES—NUMBER OF CHALLENGES.—Where causes of action against several defendants were improperly joined, all of the defendants were entitled jointly to the statutory number of challenges.

3. ELECTRICITY—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.—Where plaintiff's decedent, a lineman employed by defendant

electric company, while making repairs, requested the person in charge of defendant's plant to turn off the current and leave it off until instructed to turn it on, to which the person called acquiesced and turned off the current, contributory negligence of defendant in failing to observe safety rules prescribed by defendant *held* for the jury.

4. TRIAL—INSTRUCTION ON MATTERS NOT PROVED.—In an action for negligence causing decedent's death by coming in contact with live wires, an instruction that, if decedent was killed by a stroke of lightning or by static electricity, etc., was properly refused where there was no evidence on these points.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*Hill & Fitzhugh,* for appellant.

The deceased was guilty of contributory negligence which would preclude a recovery, even though the defendant is likewise guilty of negligence. 36 Ark. 371; 63 Ark. 65; 76 Ark. 436; 77 Ark. 458; 96 Ark. 394.

*J. E. London, Dave Partain, A. M. Dobbs* and *G. L. Grant,* for appellee.

Appellant's motion to require appellee to elect was properly overruled under the following decisions: 86 Ark. 130; 87 Ark. 303; 88 Ark. 124; 113 Ark. 6.

The court properly refused to allow each defendant three peremptory challenges. 117 Ark. 71.

The question of negligence was one properly for the jury. 98 Ark. 347. The doctrine of *res ipsa loquitur* applies. 86 Ark. 75.

McCULLOCH, C. J. This is an action instituted by appellee as administrator of the estate of Macey Bailey, deceased, to recover damages sustained by the reason of the death of said decedent, which is alleged to have been caused by the negligent act of appellant. The action was originally instituted against appellant and two other parties—the Commonwealth Public Service Corporation and Light Improvement District No. 2 of Clarksville.

The causes of action against the defendants were set forth in separate paragraphs, and the death of said

decedent in each count is alleged to have occurred in the same manner, but separate acts of negligence charged against each of the defendants.

There was a motion filed by the defendants to require appellee to elect upon which cause of action he would proceed, but this motion was overruled, and in impaneling the jury the defendants each demanded the right to exercise three peremptory challenges, and this demand was overruled by the court.

After the testimony had been adduced, appellee dismissed against the other two defendants, and the issues were submitted to the jury as to the liability of appellant alone. A verdict was rendered in appellee's favor against appellant for the recovery of the sum of $5,000 as damages.

Macey Bailey was a lineman employed by the Commonwealth Public Service Corporation, which was engaged in the business of generating electric current and delivering such current for lighting purposes in the town of Alma and in other towns along the line of the Missouri Pacific railroad.

Light Improvement District No. 2 of Clarksville owned an electric light plant at Clarksville, Arkansas, and generated current for lighting purposes, and at times purchased current from the Commonwealth Public Service Corporation.

Appellant, a corporation, which was engaged, among other things, in generating and selling electric current in Fort Smith, sold current to the Commonwealth Public Service Corporation and delivered same to that company at or near the town of Alma, where it was furnished to consumers.

On April 25, 1920, deceased was directed by his employer to go upon an electric tower at Alma and make repairs, and early in the morning of that day, in discharge of this duty, he came in contact with a live wire and received injuries from which he suffered great pain, and later died.

It is charged in the complaint against appellant that its servants were guilty of negligence in turning on the current which caused the death of Macey Bailey after the latter had given instructions to appellant's engineer to turn the current off and not to turn it on again until further notice.

It is alleged that Bailey, about 7 o'clock, went to the telephone at Alma, and that in conversation with appellant's engineer at the plant in Fort Smith he directed the engineer to turn on the current for the purpose of testing the wires at the tower, and that a few minutes later he notified the engineer at the plant that he was going on the tower to work, and directed the engineer to turn the electricity off and not to turn it on again until notice was given, but that the engineer, in violation of the instructions, turned the current back on while Bailey was at work with the wires on the tower, and that in that manner Bailey come in contact with the current and was wounded and killed.

In the other paragraph of the complaint it is alleged that the wires of the other two defendants were connected at Clarksville, and that current generated by the Light Improvement District at Clarksville escaped, through negligence of said defendants, over the wires of the Commonwealth Public Service Corporation to the connecting wires at Alma, and thus was permitted to pass along the wires where Bailey received his injury.

Appellant, in its answer, denied all acts of negligence charged against its servants, and alleged that Bailey's death was caused by his own negligence in failing to observe the precautions prescribed by his employer for his own safety while engaged in the work of repairing wires.

Appellant adduced proof tending to show that Bailey's employer, the Commonwealth Public Service Corporation, issued safety instructions to its employees, which were brought to Bailey's notice, directing them to use ground chains as a means of protection while at work

on the wires, and that the death of Bailey was caused by his failing to observe these directions; that there were switches which he could have used in turning off the current, and that his death was caused by his own negligence in failing to turn off the current before coming in contact with the wires.

The cause was submitted to the jury on instructions relating to the issue as to directions given by Bailey to the engineer not to turn the current on until further notice, and on the question of Bailey's own negligence in failing to observe the precautions for his own safety which had been prescribed by his employer. There was evidence to sustain the verdict in appellee's favor on these issues.

Two witnesses—one of them an employee of the telephone company at Alma, and the other an associate of his who was in the room with him at the time—each testified that about 7 o'clock on the morning in question Bailey came to the telephone office, and after getting connection with some one claiming to be in charge of appellant's generating plant at Fort Smith, Bailey told the one in charge of the plant that he had been working on the line and was going to test the wires, and directed the person to turn on the current; that after a few moments he then told the person at the plant to cut the power off and leave it off until further notice. The testimony tends to show that a few minutes after this time, while Bailey was on the tower working with the wires, he came in contact with the current which injured him.

Appellant introduced its fireman, who was in charge at the power-house on the morning in question, and testified that the Alma line ceased to hold the current during the night before, and he was given directions over the telephone by some one in regard to turning on and off the current, and that he received directions about 2 o'clock that morning to leave the current off until he received directions the next morning; that about 7 o'clock the next morning the same voice called him over the telephone

and gave directions to turn the current on, and that he received no further directions to turn the current off.

Appellant also introduced testimony showing the directions given by the Commonwealth Public Service Corporation to Bailey and other employees in regard to safety methods to be adopted, and also in regard to the safe method in which Bailey may have pursued his work by turning off the current.

The evidence was, as before stated, sufficient to sustain a verdict either way as to the cause of Bailey's death.

It is contended, in the first place, that the court erred in refusing to require appellee to elect upon which causes of action set forth in the complaint he would proceed, and in refusing to allow each of the defendants the statutory number of peremptory challenges, but these questions have already been settled by this court against the contention of appellant.

We have held that since cases of like nature, pending in the same court, may be consolidated for the purpose of trial, there is no error in refusing to require an election where actions have been improperly joined, and that where there is such a consolidation of causes all of the parties arrayed on each side are only entitled jointly to the statutory number of challenges. *Mahoney* v. *Roberts,* 86 Ark. 130; *Weigel* v. *McCloskey,* 113 Ark. 1; *Fidelity-Phoenix Ins. Co.* v. *Friedman,* 117 Ark. 71.

It is next insisted that, according to the undisputed evidence, Bailey violated the instructions of his employer and failed to exercise ordinary care for his own protection, and that for this reason there should have been a peremptory instruction in favor of appellant.

Bailey was not the employee of appellant, and received no instructions from appellant in regard to the method of carrying on his work. According to the testimony adduced by appellee, Bailey gave instructions to the man in charge of the generating plant to turn the electricity off and not to turn it on again until further no-

tice, and these directions were acquiesced in by the man in charge of the plant so as to constitute an assurance to Bailey that his directions would be complied with.

Under these circumstances it cannot be said, as a matter of law, that Bailey was guilty of negligence in failing to observe other precautions for his safety. That was a question for the jury to determine under the circumstances, and it was properly submitted to the jury.

Appellant requested the court to give instructions which would have told the jury that if the deceased could have used ground chains for the purpose of preventing the electric current from passing over the wires, he was guilty of negligence and there could be no recovery, but the court properly refused to give the instructions, which was tantamount to telling the jury that Bailey's failing to do so constituted negligence. This question should, as before stated, have been left to the jury, and not taken away from the jury by a peremptory instruction.

The court gave numerous instructions at the request of appellant, among which was one stating that if Bailey was killed "on account of an accident, but not on account of the negligence of the defendant, Fort Smith Light & Traction Company," the verdict should be in the latter's favor.

Other instructions were asked by appellant, which the court refused, telling the jury that if the death of Bailey was caused by a stroke of lightning or by static electricity, there could be no recovery, but there was no evidence to justify these instructions, and they were properly refused.

It is believed that the views we have already expressed dispose of all of the other assignments of error with respect to rulings of the court in giving and refusing instructions.

We find that the case was properly submitted to the jury, and that there is no error in the record.

The judgment is therefore affirmed.