## OFFICE MACHINES, INC. *v.* Bruce MITCHELL, *et al.*

CA 05-323                                       234 S.W.3d 906

Court of Appeals of Arkansas
Opinion delivered May 3, 2006

*Hartsfield, Almand & Denison, PLLC,* by: *Larry J. Hartsfield,* for appellant.

*Bridges, Young, Matthews & Drake, PLC,* by: *Joseph A. Strode,* for appellees.

JOHN MAUZY PITTMAN, Chief Judge. Appellant is an office-supply business serving southeast Arkansas. Appellees are former employees of appellant who, after an agreement for them to purchase the business fell through, quit their employment with appellant and started a rival business that hired several of appellant's employees. Appellant, which has since replaced those employees and continues to do business in the region, sued appellees alleging that they committed numerous torts by hiring the employees, including

disparagement and misuse of proprietary information. The trial court granted summary judgment to appellees, holding that the evidence presented in support of appellant's allegations was insufficient to create a genuine issue of material fact. Appellant has abandoned its allegations of disparagement and misuse of proprietary information. The sole argument on appeal is whether the organizers of the new business breached a fiduciary duty to appellant and committed the tort of tortious interference by hiring several of appellant's employees. We affirm.

Although a covenant in restraint of trade such as a covenant not to compete is valid when founded on a valuable consideration, such agreements are not favored in the law and will be enforced only if the restraint imposed is reasonable as between the parties and not injurious to the public by reason of its effect upon trade. *See Girard v. Rebsamen Insurance Co.*, 14 Ark. App. 154, 685 S.W.2d 526 (1985). The law will not enforce such a covenant simply to provide protection against ordinary competition. *Import Motors v. Luker*, 268 Ark. 1045, 599 S.W.2d 398 (Ark. App. 1980). Furthermore, absent a restrictive agreement, Arkansas courts have declined to shackle the privilege to engage in legitimate competition by extending a non-compete agreement to third parties. *Dawson v. Temps Plus, Inc.*, 337 Ark. 247, 987 S.W.2d 722 (1999). Here, it is undisputed that no such agreement was entered into by any of the appellees.

Arkansas has recognized wrongful interference with a contract as an actionable tort for nearly a century. *See Mahoney v. Roberts*, 86 Ark. 130, 110 S.W. 225 (1908). The underlying premise of this cause of action is that a person has a right to pursue valid contractual and business expectancies unmolested by the wrongful and officious intermeddling of a third party, so that a third party who intentionally and with malice interferes with the contractual relations of another incurs liability for his action in tort. *United Bilt Homes v. Sampson*, 310 Ark. 47, 832 S.W.2d 502 (1992).

The elements of tortious interference that must be proved are: (1) the existence of a valid contractual relationship or a business expectancy; (2) knowledge of the relationship or expectancy on the part of the interfering party; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Id.* However, the defendant will not be liable if he shows that his interference was

privileged. *Conway Corp. v. Construction Engineers, Inc.*, 300 Ark. 225, 782 S.W.2d 36 (1989). Arkansas recognizes a privilege to compete, and the scope of this privilege is broad:

> In short, it is no tort to beat a business rival to prospective customers. Thus, in the absence of prohibition by Statute, illegitimate means, or some other unlawful element, a defendant seeking to increase his own business may cut rates or prices, allow discounts or rebates, enter into secret negotiation behind the plaintiff's back, refuse to deal with him or threaten to discharge employees who do, or even refuse to deal with third parties unless they cease dealing with the plaintiff, all without incurring liability.

*Kinco, Inc. v. Schueck Steel, Inc.*, 283 Ark. 72, 77, 671 S.W.2d 178, 181 (1984) (quoting W. Prosser, *Law of Torts*, 130 (3rd ed. 1971)). The *Kinco* court also adopted the following definition of the circumstances under which competition will justify interfering with another's business expectancy:

> (1) One who intentionally causes a third person not to enter into a prospective contract relation with another who is his competitor or not to continue an existing contract terminable at will does not interfere improperly with the other's relation if
>
> (a) the relation concerns a matter involved in the competition between the actor and the other and
>
> (b) the actor does not employ wrongful means and
>
> (c) his action does not create or continue an unlawful restraint of trade and
>
> (d) his purpose is at least in part to advance his interest in competing with the other.

*Kinco, Inc.*, 283 Ark. at 78, 671 S.W.2d at 181-82 (quoting Restatement (Second) of Torts 768 (1977)).

Summary judgment should only be granted when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Castaneda v. Progressive Classic Insurance Co.*, 357 Ark. 345, 166 S.W.3d 556 (2004). The purpose of summary judgment is not to

try the issues, but to determine whether there are any issues left to be tried. *Id.* Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *George v. Jefferson Hospital Association, Inc.,* 337 Ark. 206, 987 S.W.2d 710 (1999). On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *Id.* In so doing, we view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Adams v. Arthur,* 333 Ark. 53, 969 S.W.2d 598 (1998). When the facts are not at issue but possible inferences therefrom are, we will consider whether those inferences can be reasonably drawn from the undisputed facts and whether reasonable minds differ on those hypotheses. *Flentje v. First National Bank of Wynne,* 340 Ark. 563, 11 S.W.3d 531 (2000).

      Here, it is undisputed that appellees intended for some time to operate a business like that of appellant for their mutual profit; that appellant was aware of this intention and negotiated for the sale of its business; that the sale fell through and, after resigning, appellees continued with their intended business by forming their own concern; that they needed employees for their new business; that they offered employment to several of appellant's employees, none of whom were bound by non-competition agreements; that some of those offered employment accepted; that appellant has replaced the employees who were hired by appellees; and that both concerns remain in operation, competing for business in the same general area. Under these circumstances, we think that the only conclusion that could reasonably be drawn is that appellees were engaged in privileged competitive activity, and we hold that the trial court therefore did not err in granting summary judgment.

    Affirmed.

    ROBBINS and BAKER, JJ., agree.